Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff,
DOROTHY LAURILA

E-filing

## UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF CALIFORNIA,
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DOROTHY LAURILA, | Case No.: CV 11 4512 |
| Plaintiff, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | (Unlawful Debt Collection Practices) |
| FMA ALLIANCE, LTD., | |
| Defendant. | |

### VERIFIED COMPLAINT

DOROTHY LAURILA (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against FMA ALLIANCE, LTD. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

PLAINTIFF'S COMPLAINT

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Novato, Marin County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with its headquarters in Houston, Texas.

## FACTUAL ALLEGATIONS

10. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt for a Bank of America account.

11. Defendant has been calling Plaintiff for approximately three (3) to four (4) months and calls Plaintiff everyday from two (2) to three (3) times a day.

12. Defendant calls Plaintiff from telephone numbers, (877) 254-9757.

13. Defendant's representative "Ebony Jackson" went through Plaintiff's credit report line by line and told Plaintiff that if she was able to pay certain creditors and collectors, the she could also pay Defendant.

14. Defendant's representative also told Plaintiff that she'd better call Defendant back or Defendant would send her account to another company who would treat Plaintiff even worse.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated §1692e(10) of the FDCPA by using deceptive means to collect a debt by threatening to send Plaintiff's account to another collection agency that will treat Plaintiff worse.

WHEREFORE, Plaintiff, DOROTHY LAURILA, respectfully requests judgment be entered against Defendant, FMA ALLIANCE, LTD, for the following:

16. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

18. Any other relief that this Honorable Court deems appropriate.

## COUNT II
### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

20. Defendant violated the RFDCPA based on the following:

   a. Defendant violated §1788.11(d) of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

   b. Defendant violated §1788.11(e) of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

   c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. §*

*1692 et seq.*

WHEREFORE, Plaintiff, DOROTHY LAURILA, respectfully requests judgment be entered against Defendant, FMA ALLIANCE, LTD, for the following:

21. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,
22. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and
23. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DOROTHY LAURILA, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: September 6, 2011       KROHN & MOSS, LTD.

By: _____
Nicholas J. Bontrager
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, DOROTHY LAURILA, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DOROTHY LAURILA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: *Aug. 26, 2011*          *Dorothy Laurila*
                                             DOROTHY LAURILA